| |
|---|
| UNITED STATES BANKRUPTCY COURT |
| District of New Jersey |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Albert Russo |
| Cn 4853 |
| Trenton, NJ  08650 |
| (609) 587-6888 |

**Order Filed on June 22, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Benton Wuensch

Debtor(s)

Case No.: 17-10634 / MBK

Hearing Date:  06/13/2017

Judge: Michael B. Kaplan

Chapter: 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: June 22, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 04/25/2017, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$2,525.00 PAID TO DATE

$569.00 for 55 months beginning 7/1/2017

**ORDERED** that the case is confirmed at 100%, which includes a minimum of $17,144.00 dividend to general unsecured creditors due to non-exempt equity in property.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that student loans are to be paid outside of the Chapter 13 Plan.

**ORDERED** that the claim of Toyota Motor Credit Corporation, court claim #1-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.